# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CYNTHIA M. YODER, et. al., | : |
| Plaintiff, | : |
| | : Civil Action |
| v. | : |
| | : No. 13-cv-1377 |
| WELLS FARGO BANK, N.A., et. al. | : |
| Defendants. | : |

## MEMORANDUM

**STENGEL, J.**                                                                                       October 9, 2013

Ms. Yoder brings this pro se action on behalf of herself, and as power of attorney for her parents, Rance Strunk and Darlene Strunk, against defendants alleging breach of contract, violations of 42 U.S.C. § 1983, the Federal Victims of Crime Act, and several other claims. The cause action arises from a foreclosure proceeding brought by defendant Wells Fargo Bank against plaintiffs Rance and Darlene Strunk. This is the plaintiff's third complaint in the District Court to stop the foreclosure. Defendants have filed two motions to dismiss for failure to state a claim. For the reasons that follow, I will grant defendants' motions.[1]

## I. Background

In 2011, Ms. Yoder filed a pro se action as power of attorney for her parents against Wells Fargo in the Chester County Court of Common Pleas. The complaint was

---

[1] Plaintiffs have also filed the following motions: a motion for reconsideration of my order denying appointment of counsel and permission to proceed in *forma pauperis* (Doc. No. 12), a motion for stay of the state foreclosure action (Doc. No. 12), a motion for determination of the motion to stay the state foreclosure action (Doc. No. 15), and a motion for determination of the motion for reconsideration. (Doc. No. 19). These motions are denied as moot.

difficult to understand but appeared to dispute defendant's foreclosure on Mr. and Mrs. Strunks' mortgage. Wells Fargo removed the case to the Eastern District because Ms. Yoder alleged various federal law claims. Yoder v. Wells Fargo, 11-cv-7503, Doc. No. 1. I granted defendant's motion to dismiss without prejudice, and granted Ms. Yoder leave to file an amended complaint. Id., Doc. No. 13. I specifically instructed the plaintiff to provide a short and plaint statement of the basis for the suit. I also instructed Ms. Yoder that the power of attorney did not permit her to represent her parents and ordered the her to seek legal representation before proceeding with an amended complaint.

Ms. Yoder filed an amended complaint which still failed to state a claim. Id., Doc. No. 14. Ms. Yoder also did not retain legal counsel; rather, she made herself a party so as to continue pro se. Defendant filed a motion to dismiss, claiming Ms. Yoder did not have standing to pursue the action alongside her parents, and her attempt to do so remained the unauthorized practice of law. Id., Doc. No. 15. Further, the motion argued the amended complaint failed to state a plausible claim under Rule 12(b)(6) and failed to include a short and plain statement of the claim under Rule 8. I granted the motion finding, "there [were] no facts plaintiffs could prove in support of their claims, [and that it would be] futile for them to be afforded yet another opportunity to amend." Id., Doc. No. 29.

Ms. Yoder has filed this action against Wells Fargo arising from the same foreclosure proceeding. The complaint also names Phelan, Hallinan & Schmieg, LLP, Jenine Davey, Esq., Stevens & Lee Lawyers and Consultants, Stacy Scrivani, Esq, Craig Hirneisen, Esq. and Titanium Solutions as defendants. Essentially, this is plaintiffs'

second amended complaint.  As with Ms. Yoder's previous attempts to block the state foreclosure proceedings, which have now been decided in Wells Fargo's favor,[2] this complaint does not allege sufficient facts to plead a plausible claim for relief.  Indeed, the complaint is devoid of any factual allegations.  Defendants' have moved to dismiss the complaint with prejudice for failure to state a claim.  In the alternative, defendants Wells Fargo, Stevens & Lee, Stacey Scrivani, Esq. and Craig A Hirneisen, Esq. assert that the complaint is barred by *res judicata.*

## II.  Standard of Review

A complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This statement must "give the defendant fair notice of what the . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  A complaint need not contain detailed factual allegations, but a plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to show entitlement to relief as prescribed by Rule 8(a)(2).  Id. at 1965; Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005).  A defendant may attack a complaint by a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

In deciding a motion to dismiss under Rule 12(b)(6), the court is required to accept as true all of the factual allegations in the complaint, Erickson v. Pardus, 551 U.S. 89 (2007), and all reasonable inferences permitted by the factual allegations, Watson v.

---

[2] The Chester County Court of Common Pleas entered judgment in favor of Wells Fargo on March 14, 2013.

Abington Twp., 478 F.3d 144, 150 (3d Cir. 2007), viewing them in the light most favorable to the plaintiff. Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007). The court is not, however, "compelled to accept unsupported conclusions and unwarranted inferences or a legal conclusion couched as a factual allegation." Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007) (quotations and citations omitted). If the facts alleged are sufficient to "raise a right to relief above the speculative level" such that the plaintiffs' claim is "plausible on its face," a complaint will survive a motion to dismiss. Bell Atlantic Corp., 127 S. Ct. at 1965, 1974; Victaulic Co. v. Tieman, 499 F.3d 227, 234-35 (3d Cir. 2007).

When presented with a pro se complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003). Such a complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." Estelle v. Gamble, 429 U.S. 97, 106 (1976). "[A] district court should not dismiss a pro se complaint without allowing the plaintiff leave to amend unless amendment would be inequitable or futile. Hill v. Rozum, 447 F. App'x 289, 290 (3d Cir. 2011) (citing Alston v. Parker, 363 F.3d 229, 235 (3d Cir.2004); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir.2002)).

### III. Discussion

After the most liberal review of the plaintiff's complaint, I cannot identify a plausible claim for relief. Plaintiffs allege that Mr. and Mrs. Strunk entered into a trial loan modification with Wells Fargo in December 2009, and that Wells Fargo breached

the loan modification agreement.  Plaintiffs offer no facts to support a conclusion that Wells Fargo breached the agreement.  Plaintiffs also accuse Wells Fargo and Susquehanna Patriot Bank[3] of violations of the Mortgage Licensing Act, and allege several facts to plausibly support a claim.  However, plaintiffs do not allege how they were injured by the alleged violations and why they have standing to assert a claim.  Otherwise, plaintiffs solely state legal "labels and conclusions" which are not enough to withstand a motion to dismiss.  <u>Twombly</u>, 127 S. Ct. at 1965.

Plaintiffs' complaint does not satisfy Rule 8 of the Civil Rules of Procedure and cannot survive a motion to dismiss for failure to state a claim under 12(b)(6).  In order to comply with Rule 8, a complaint must contain at least a modicum of factual specificity, identifying the particular conduct of the defendant that is alleged to have harmed the plaintiff, so that the court can determine that the complaint is not frivolous and a defendant has adequate notice to frame an answer.  <u>Frazier v. Southeastern Pennsylvania Transp. Auth.</u>, 785 F.2d 65, 68 (3d Cir. 1986).  The complaint cites to various Pennsylvania and Federal laws without alleging any facts to support how defendants' violation of the cited laws injured the plaintiffs.  In count 1 alone, plaintiffs allege violations of twenty different laws with no supporting factual allegations.  In fact, seven of the allegations are violations of the Pennsylvania Crimes Code which are obviously not available to civil litigants.  Plaintiffs have failed to allege any facts which state a plausible claim to relief.  Therefore, I will grant defendants' motion to dismiss.

---

[3] Susquehanna Patriot Bank is not a defendant.

While pro se plaintiffs should be afforded an opportunity to amend their complaint before the complaint is dismissed with prejudice, I believe granting plaintiffs leave to amend would be futile. After three attempts to draft a complaint which states a plausible claim for relief, plaintiffs' current version is incoherent and unintelligible. Furthermore, Ms. Yoder's recent filing defies my repeated warnings that she is unauthorized to practice law. Plaintiffs have developed a pattern of filing frivolous complaints, ignoring the rules of procedure, and disrespecting this court's orders. There is no reason to believe that plaintiffs will retain an attorney and file a meritorious complaint if given leave to amend. Thus, an amended complaint would be a waste of judicial resources and inequitable to the defendants. I will dismiss this case with prejudice.

Further, the claims against Wells Fargo, Steven & Lee, Stacey Scrivani and Craig Hirneisen are barred by *res judicata*. "[A] final, valid judgment on the merits by a court of competent jurisdiction precludes any future suit between the parties or their privies on the same cause of action. Balent v. City of Wilkes-Barre, 669 A.2d 309, 313 (Pa. 1995) (citing Allen v. McCurry, 449 U.S. 90, 94 (1980)). "Res judicata applies not only to claims actually litigated, but also to claims which could have been litigated during the first proceeding if they were part of the same cause of action." Id. The dismissal of plaintiffs 2011 complaint in this court operates as a judgment on the merits and precludes plaintiffs from filing any further complaints against Wells Fargo based on the foreclosure. Fed. R. Civ. P. 41(b). Future complaints against Wells Fargo are also barred by the adjudication of the foreclosure action in Chester County. Moncrief v. Chase Manhattan Mortgage Corp., 275 F. App'x 149, 153 (3d Cir. 2008) ("Federal courts are

required to give state court judgments the same preclusive effect that the issuing state courts would give them."). Finally, plaintiffs' claims against Stevens & Lee and Stacey Scrivani are precluded by the adjudication of the complaint plaintiffs filed against defendants on February 17, 2012 in Berks County alleging violations of federal debt collection and fair housing statutes. Doc. No. 4 Ex. D.

**IV. Conclusion**

This is plaintiffs' third attempt to file a complaint which complies with the Federal Rules of Civil Procedure. Plaintiffs have again missed the bar. Further, Ms. Yoder persists in the unauthorized practice of law, and claims against four of the defendants are barred by the doctrine of *Res Judicata*. Plaintiffs have established a pattern of filing frivolous complaint, ignoring the rules of procedure and disrespecting the orders of this court. Therefore, I find that granting plaintiffs leave to amend would be futile. For the reasons discussed above, I will grant the defendants' motions to dismiss the complaint with prejudice.

An appropriate order follows.